UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE BONNER, JR., ) | Case no. EDCV 09-0189-RC |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| v. ) | |
| MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) | |
| Defendant. ) | |

Plaintiff Claude Bonner, Jr., filed a complaint on February 9, 2009, seeking review of the Commissioner's decision denying his application for disability benefits. On June 30, 2009, the Commissioner answered the complaint, and on August 13, 2009, the parties filed a joint stipulation.

**BACKGROUND**

On September 20, 2006, plaintiff, who was born on April 21, 1967, applied for disability benefits under the Supplemental Security Income ("SSI") program of Title XVI of the Social Security Act ("Act"), claiming an inability to work since March 1, 2004, due to depression,

1 hearing voices, and suicide attempts. Certified Administrative Record
2 ("A.R.") 111-13, 375-77. The plaintiff's application was initially
3 denied on February 27, 2007, and was denied again on May 23, 2007,
4 following reconsideration. A.R. 46-52, 56-60. The plaintiff then
5 requested an administrative hearing, which was held before
6 Administrative Law Judge Mason D. Harrell, Jr. ("the ALJ") on July 1,
7 2008. A.R. 18-43, 63. On August 14, 2008, the ALJ issued a decision
8 finding plaintiff is not disabled. A.R. 4-17. The plaintiff appealed
9 the decision to the Appeals Council, which denied review on
10 December 8, 2008. A.R. 1-3.

**DISCUSSION**

**I**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir. 2009).

The claimant is "disabled" for the purpose of receiving benefits under the Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case.  20 C.F.R. § 416.920.  In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting him from performing basic work activities.  20 C.F.R. § 416.920(c).  If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1.  20 C.F.R. § 416.920(d).  If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform his past work.  20 C.F.R. § 416.920(f).  If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy.  20 C.F.R. § 416.920(g).  Moreover, where there is evidence of a mental impairment that may prevent a claimant from working, the Commissioner has supplemented the five-step sequential evaluation process with additional regulations addressing mental impairments.[1]  <u>Maier v. Comm'r of the Soc. Sec. Admin.</u>, 154

---

[1]  First, the ALJ must determine the presence or absence of certain medical findings relevant to the ability to work.  20 C.F.R. § 416.920a(b)(1).  Second, when the claimant establishes these medical findings, the ALJ must rate the degree of functional loss resulting from the impairment by considering four areas of function: (a) activities of daily living; (b) social functioning; (c) concentration, persistence, or pace; and (d) episodes of decompensation.  20 C.F.R.

F.3d 913, 914-15 (9th Cir. 1998) (per curiam).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since September 20, 2006, his application date. (Step One). The ALJ then found plaintiff has the severe impairments of: "a psychotic disorder, [Listing] 12.03; a personality disorder, not otherwise specified, under [Listing] 12.08; and mixed substance abuse with evidence of alcohol use" (Step Two); however, plaintiff does not have an impairment or combination of impairments that meets or equals a Listing. (Step Three). The ALJ then found plaintiff can perform his past relevant work as a hand packer; therefore, he is not disabled. (Step Four). Alternately, the ALJ determined plaintiff is not disabled because he can perform a significant number of jobs in the national economy. (Step Five).

**II**

"'In Social Security cases, the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" Smolen, 80 F.3d at 1288 (citation

---

§ 416.920a(c)(2-4). Third, after rating the degree of loss, the ALJ must determine whether the claimant has a severe mental impairment. 20 C.F.R. § 416.920a(d). Fourth, when a mental impairment is found to be severe, the ALJ must determine if it meets or equals a Listing. 20 C.F.R. § 416.920a(d)(2). Finally, if a Listing is not met, the ALJ must then perform a residual functional capacity assessment, and the ALJ's decision "must incorporate the pertinent findings and conclusions" regarding the claimant's mental impairment, including "a specific finding as to the degree of limitation in each of the functional areas described in [§ 416.920a(c)(3)]." 20 C.F.R. § 416.920a(d)(3), (e)(2).

4

omitted); <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1068 (9th Cir. 2006); <u>see also</u> <u>Higbee v. Sullivan</u>, 975 F.2d 558, 561 (9th Cir. 1992) (per curiam) ("We have long recognized that the ALJ is not a mere umpire at [an administrative hearing], but has an independent duty to fully develop the record. . . ."). This duty exists regardless of whether the claimant is represented by counsel, <u>Celaya v. Halter</u>, 332 F.3d 1177, 1183 (9th Cir. 2003); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001), and it is "heightened where the claimant may be mentally ill and thus unable to protect h[is] own interests." <u>Tonapetyan</u>, 242 F.3d at 1150; <u>Higbee</u>, 975 F.2d at 562. "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" <u>Tonapetyan</u>, 242 F.3d at 1150 (citations omitted); <u>Webb v. Barnhart</u>, 433 F.3d 683, 687 (9th Cir. 2005).

Plaintiff, who was represented by counsel at the administrative hearing, A.R. 18-43, contends the ALJ failed to properly develop the record because he did not request any information about the Social Security Administration's ("SSA") prior grant of, as well as any suspension(s) or termination of, SSI benefits to plaintiff, and plaintiff testified about receiving such benefits (A.R. 22). Jt. Stip. at 12:13-14:24, 15:24-16:4. Under the circumstances of this case, the Court agrees.

Under Social Security regulations, "a claimant's benefits are suspended upon incarceration, and after 12 months of continuous suspension, benefits are terminated." <u>Stubbs-Danielson v. Astrue</u>, 539

5

F.3d 1169, 1172 (9th Cir. 2008); 20 C.F.R. §§ 416.1325, 416.1335; see also Brennan v. Astrue, 501 F. Supp. 2d 1303, 1308-09 (D. Kan. 2007) ("Payment of SSI benefits is suspended effective with the first full month an individual is a resident of a public institution[,] . . . [and] benefits will be terminated 'following 12 consecutive months of benefit suspension for any reason . . . effective with the start of the 13th month after the suspension began.'" (citations omitted)). However, if a claimant is incarcerated for less than 12 consecutive months, "[b]enefits for which payments have been suspended will be resumed 'effective with the earliest day of the month in which a recipient is no longer a resident of a public institution.'" Brennan, 501 F. Supp. 2d at 1309 (quoting 20 C.F.R. § 416.1325(b)).[2]

Here, the record is ambiguous regarding the consecutive length of plaintiff's incarceration(s), whether plaintiff's previously awarded SSI benefits were suspended or terminated, and when. The record shows that plaintiff previously applied for SSI benefits on March 25, 2004, and his application was granted. A.R. 141, 355-60. On November 7, 2005, SSA advised plaintiff that his SSI benefits had been overpaid for the months of September and October 2005 because he was "in public institutions[,]" A.R. 361-65, and on April 7, 2006, SSA advised plaintiff his SSI benefits would be terminated as of May 2006 because he "entered a facility in August 2005 [and was] in this facility for each full month [from] September 2005 through November 2005." A.R.

---

[2] Nevertheless, "[a] transfer from one public institution to another or a temporary absence from the institution lasting 14 days or less . . . will not change [a claimant's] status as a resident, and the suspension will continue." 20 C.F.R. § 416.1325(b).

6

367-71. However, at the administrative hearing, plaintiff testified he was incarcerated from December 25, 2005, through September 9, 2006, when he was released on parole.[3] A.R. 22-23, 148, 245, 251. Neither plaintiff's counsel nor the ALJ examined plaintiff about the dates of his incarceration(s) or SSA's suspension(s) or termination of his SSI benefits. Moreover, the ALJ did not obtain vital written evidence about plaintiff's incarceration(s), SSA's prior grant of disability benefits to plaintiff, and the suspension(s) or termination of plaintiff's SSI benefits. Since the record is ambiguous regarding this information, the ALJ failed to consider whether plaintiff's benefits were properly terminated under Section 416.1335 or should have resumed following plaintiff's release from prison, 20 C.F.R. § 416.1325(b); thus, the ALJ did not properly develop the record. Webb, 433 F.3d at 687; see also Mimms v. Heckler, 750 F.2d 180, 185 (2d Cir. 1984) (ALJ failed to properly develop the record when "the ALJ failed to ask one question of the claimant about his prior disability and its relationship to the disability claim he was now pursuing before the ALJ" since "[t]he existence of a prior established disability is highly relevant when the nature of that disability appears to be the very same cause of the alleged disability then under examination."). The Commissioner's decision is reversed, and the

---

[3] Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the docket sheet and related documents in People v. Bonner, Jr., San Bernardino County Superior Court case no. FVA025927 ("Bonner I"), which show: plaintiff was arrested on December 25, 2005; on January 11, 2006, plaintiff pleaded guilty to violating a court order to prevent domestic violence with a prior in violation of P.C. § 273.6(d) (count 2); and on February 9, 2006, plaintiff was sentenced to 16 months in state prison, with credit for 69 days served (47 actual days in custody and 22 days conduct credit). Id.

7

1  action should be remanded to the Social Security Administration for
2  further proceedings.[4]

### ORDER

IT IS ORDERED that: (1) plaintiff's request for relief is granted; and (2) the Commissioner's decision is reversed, and the action is remanded to the Social Security Administration for further proceedings consistent with this Opinion and Order, pursuant to sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered accordingly.

DATE:  May 19, 2010                   /S/ ROSALYN M. CHAPMAN
                                      ROSALYN M. CHAPMAN
                                      UNITED STATES MAGISTRATE JUDGE

---

[4] Having reached this conclusion, the Court does not address the other claims plaintiff raises, none of which would provide plaintiff greater relief than granted herein.

R&R-MDO\09-0189.mdo
5/19/10